UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE RICO,  No. C-12-6127 EMC (pr)

    Petitioner,

v.  **ORDER TO SHOW CAUSE**

G. D. LEWIS, Warden,

    Respondent.
_____/

## I.    INTRODUCTION

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

The petition and attachments thereto provide the following information: Petitioner was convicted in 2009 in Monterey County Superior Court of robbery, carjacking, and kidnapping for robbery. Several sentence enhancement allegations were found true. Petitioner was sentenced to a total of 40 years to life in prison. He appealed. The California Court of Appeal reduced the sentence to 30 years to life in prison and otherwise affirmed the conviction in 2011. The California Supreme Court denied the petition for review in 2012. Petitioner also filed unsuccessful state habeas petitions before filing this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition has one claim for habeas relief. Petitioner claims that his federal constitutional right to a trial by an impartial jury was violated when the jury considered a document not admitted into evidence at trial that revealed the nature of his prior conviction. Liberally construed, the petition states a cognizable claim for habeas relief.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **April 29, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **May 31, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 2, # 6.)

IT IS SO ORDERED.

Dated: February 27, 2013

_____
EDWARD M. CHEN
United States District Judge